# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

LARRY CARTER CENTER,[1]

                                                    Plaintiff,

        v.                                                      5:15-CV-597 (LEK/ATB)

CATHOLIC CHARITIES, d/b/a
Homeless Veterans Shelter,

                                                    Defendant.

---

LARRY CARTER CENTER, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiff Larry Carter Center. (Dkt. No. 2) Plaintiff Center has also filed two applications to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 3). For the following reasons, this court will deny plaintiff's original IFP application (Dkt. No. 1) as moot; grant plaintiff's amended IFP application (Dkt. No. 3), but will recommend dismissal of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

---

[1] As discussed below, plaintiff came into the Clerk's Office with his IFP application on one day, and came in with his complaint and a new IFP three days later. The actual complaint lists plaintiff's name as "Larry Carter Center," even though the original IFP document had different names for both plaintiff and defendant. The court will use the names as listed in the complaint and amended IFP. (Dkt. Nos. 2, 3).

**I.     In Forma Pauperis ("IFP") Application**

Before addressing plaintiff's IFP application, the court must resolve an inconsistency in the documents that have been filed with the court. On Friday, May 15, 2015, plaintiff came to the Clerk's Office in the Northern District of New York with only a motion to proceed IFP. (Dkt. No. 1). The motion was not written on a standard IFP form, but was simply a typewritten document, without a signature, alleging that plaintiff had no funds with which to pay a filing fee. (*Id.*) Although he was told by the Clerk that he was required to file a complaint along with his IFP, plaintiff requested that the IFP application be filed, and plaintiff informed the Clerk that he would return with the complaint. The Clerk filed plaintiff's IFP application, opening this case.[2]

On Monday, May 19, 2015, plaintiff came into the Clerk's Office with a new IFP application, together with his complaint to file. (Dkt. Nos. 2, 3). The names of both plaintiff and defendant were different on the new documents than those listed on the original IFP. This court finds that plaintiff's new IFP should supercede his original IFP, and the names of the parties on the complaint and the IFP should be consistent. Thus, the court will deny the original IFP application (Dkt. No. 1) as moot, and the Clerk shall change the docket accordingly to reflect the following parties:

    (1)    Plaintiff:    Larry Carter Center

---

[2] This was an appropriate action to take due to plaintiff's pro se status and to avoid any potential statute of limitations issues.

(2) Defendant: Catholic Charities, d/b/a Homeless Veterans Services

The court will now proceed to consider plaintiff's amended IFP application. (Dkt. No. 3).

A review of the amended IFP application shows that plaintiff declares he is unable to pay the filing fee. (Dkt. No. 3). The court finds for purposes of this recommendation, that plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to

determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

In a slightly disjointed complaint, plaintiff alleges that moments before midnight on May 17, 2013, his valuables were stolen from him by "staff/resident or resident/staff" of Catholic Charities. (Compl. ¶ 4 at CM/ECF p.2). Plaintiff claims that his "valuables" were in a pillow case at the service desk, and someone took them when plaintiff bent over to wipe up some tea that he spilled on the floor. (*Id.*) Plaintiff claims that he "screamed" for the return of his property, but the "perpetrator said and did nothing." Apparently someone called "911," and a police officer came, but did nothing. At that point, the complaint becomes unclear because plaintiff states that another staff

4

member gave plaintiff a cell phone charger, asking plaintiff to "forgive," but plaintiff's telephone was stolen several hours later at "0300"on May 18, 2013.[3] (*Id.*)

In the section of the complaint entitled "Causes of Action," plaintiff alleges that Catholic Charities acted with "invidious discriminatory animus" because the "perpetrators" were black and religious, while plaintiff is white and atheist.[4] Plaintiff also alleges that Catholic Charities acted "under color of law" as a "HUD/VASH" Homeless Veterans' Facility, where plaintiff was "forced to stay as a non-smoking alternative to [the] Rescue Mission." (*Id.*) Finally, plaintiff claims that Catholic Charities has a continuing duty to "admit who the thief is." (*Id.*) Plaintiff alleges that defendant Catholic Charities hides behind their "confessional religion," making them incompetent to protect veterans and atheists from crime and criminals that are either employed by Catholic Charities, or present on their property. (*Id.*)

Plaintiff asks the court to order Catholic Charities to "cease and desist" all veterans' services and compensate plaintiff for his stolen telephone. (Compl. ¶ 6 at CM/ECF p.4). Plaintiff states that his stolen telephone contained thousands of numbers which were acquired during two "Historic Political Campaigns" (worth over $5000.00). Plaintiff also requests the return of $189.75 cash that was stolen and other "fitting,

---

[3] Plaintiff never mentions any other "valuables." In his request for relief, he only mentions the cell phone and an amount of cash. (Compl. ¶ 6).

[4] Plaintiff points out that he has a sign on his car, stating that he is an "American Atheist." (Compl. ¶ 5 at CM/ECF p.3).

5

proper damages." (*Id.*)

III. <u>**Jurisdiction**</u>

A. **Legal Standards**

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012); *Henderson ex rel. Henderson v. Shinseki*, __ U.S. __, 131 S. Ct. 1197, 1202 (2011)). Federal courts are mandated to sua sponte examine their own jurisdiction at every stage of the litigation. *Id.*

When a plaintiff is pro se, the court must interpret the complaint liberally. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008). The court considers all possible grounds for relief that plaintiff could be raising. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

B. **Application**

1. **42 U.S.C. §§ 1983, 1985**

Plaintiff has filed this action on a form used for civil rights complaints brought pursuant to 42 U.S.C. § 1983.[5] However, in order to state a claim under section 1983,

---

[5] Plaintiff has also handwritten 42 U.S.C. § 1985 on the caption of the complaint.

6

the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

A person acts under color of state law when he or she acts in his or her official capacity, "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL 4758706, at *2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)).

In this case, plaintiff is suing Catholic Charities in its capacity as a shelter for homeless veterans. Catholic Charities is a private not-for-profit corporation which does not act under color of "state" law. www.ccoc.us/about/index. Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam).

7

The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted). There is no nexus to the State of New York alleged in plaintiff's complaint, and thus, there is no jurisdiction under section 1983 for plaintiff's action.

The Second Circuit has also held that a claim under 42 U.S.C. § 1985(3) for conspiracy to deny equal protection in violation of the Fourteenth Amendment is not actionable in the absence of state action. *Edmond v. Hartford Ins. Co.*, 27 F. App'x 51, 53 (2d Cir. 2001) (citing *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 831-32 (1983)). Plaintiff states that he was subjected to "invidious discrimination," but never specifically alleges a conspiracy, nor does he remotely allege a nexus to the state. Conclusory allegations of conspiracy to deprive an individual of his constitutional rights are insufficient to state a claim. *Cambriello v. Cty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002). While exact specifics are not required, the pleadings must present facts tending to show agreement and concerted action. *Anilao v. Spota*, 774 F. Supp. 2d 457, 512 (E.D.N.Y. 2011). Because plaintiff in this case has failed to allege any state action, and has failed to allege how any individuals[6] "conspired" to violate his constitutional rights, he may not bring this complaint under either sections 1983 or 1985.

---

[6] In addition, plaintiff has only named Catholic Charities as a defendant, making it impossible to allege an agreement or concerted action.

### 2. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In an effort to determine whether there is any basis for plaintiff to bring his claim in this court, I have examined other bases for federal jurisdiction. *Bivens* established a cause of action for monetary damages resulting from the violation of a constitutional right by federal agents or employees, acting under color of *federal* law. *Arar v. Ashcroft*, 585 F.3d 559, 571-72 (2d Cir. 2009) (discussing history of *Bivens* actions). Like section 1983, *Bivens* does not apply to purely private conduct. *See Baptiste v. Warden*, No. 09 Civ. 5523, 2010 WL 3185748, at *5 (S.D.N.Y. Aug. 1, 2010) (citing *Rendall Baker v. Kohn*, 457 U.S. 830, 838-42 (1982)). In addition, and also similar to section 1983, private conduct that is fairly attributable to a government actor may serve as the basis for a *Bivens* claim. *Id.* (citing *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982); *Commodari v. Long Island Univ.*, 89 F. Supp. 2d 353, 373 n.10 (E.D.N.Y. 2000) (for purposes of determining whether a private party acts under color of federal law, courts apply the same principles as they do in determining whether a party acts under color of state law for purposes of a section 1983 action).

In this case, plaintiff may have erroneously sued under section 1983 because the form is entitled "Civil Rights Complaint," and he may be unaware of any other basis for a "civil rights" action. He does claim that Catholic Charities "contracts" with the Veterans Administration ("VA") to provide shelter for homeless veterans. The VA is a federal entity. If Catholic Charities "contracts" with the VA, the court can examine whether the defendant acts under color of federal law for purposes of a *Bivens* claim.

9

Unfortunately for plaintiff, the Supreme Court has rejected exactly the type of claims that he could be attempting to bring. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("*Malesko*"). In *Malesko*, the Court declined to extend *Bivens* to confer a right of action for damages against a private company acting under color of federal law. *Id.* at 74. Specifically, the court refused to allow a federal inmate to sue a private company, contracting with the Bureau of Prisons to operate a halfway house, for a *Bivens* claim relating to the conditions of his confinement and medical care. *Id.* at 64.

More recently in *Minneci v. Pollard*, __ U.S.__. 132 S. Ct. 617, 620 (2012), the Court also declined to extend *Bivens* to permit an Eighth Amendment damages claim against employees of a privately operated federal prison. The court found that the plaintiff had adequate state law remedies for his claims, and found that the challenged conduct was of "a kind that typically falls within the scope of traditional state tort law." *Id.* at 626. In this case plaintiff is attempting to sue Catholic Charities for the theft of his property[7] while he was staying there pursuant to services provided for homeless veterans.

Aside from being foreclosed by *Malesko* and *Menneci*, a claim for the loss or destruction of property is rarely an issue of constitutional dimension even when "state" or "federal" action exists. *See e.g. Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Salemo v. Murphy*, No. 11 Civ. 2525, 2014 WL 804029, at *4 (S.D.N.Y. Feb. 28, 2014) (negligent or intentional deprivation of property through the random and unauthorized

---

[7] Theft or destruction of property, if appropriate, could be protected by the Due Process Clause of the Fourteenth Amendment (state) or the Fifth Amendment (federal).

acts[8] of a state or federal employee does not constitute a deprivation of due process if a meaningful post-deprivation remedy for the loss is available) (citing *Stuto v. Fleishman*, 164 F.3d 820, 825 (2d Cir. 1999)). New York State provides state law causes of action for "negligence, replevin, or conversion," among others. *Cantave v. New York City Police Officers*, No. 09-CV-2226, 2011 WL 1239895, at *5 (E.D.N.Y. Mar. 28, 2011) (citations omitted).

Based on *Melesko* and *Minneci*, no cause of action exists either against Catholic Charities or against any responsible employee if plaintiff had sued the individual or individuals he believed were responsible for the theft of his property. Thus, plaintiff's complaint may be dismissed for failure to state a claim.[9]

## IV. Opportunity to Amend

### A. Legal Standard

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

---

[8] While there is an exception for deprivations resulting from the operation of an "established state procedure," there is absolutely no allegations that the conduct in this case was anything but "random and unauthorized." *See Butler v. Castro*, 896 F.2d 698, 700 (2d Cir. 1990) (adequate post-deprivation remedy is a defense to section 1983 claim for random and unauthorized deprivation of property, but not for deprivation of property resulting from the operation of an established state procedure).

[9] Plaintiff also makes a conclusory allegation that he has been the subject of "discrimination" because the "perpetrators" are black and religious, while he is white and atheist. Plaintiff makes this statement, but does not indicate how this purported discrimination is relevant to his allegations.

### B. Application

In this case, the court finds that any attempt of the plaintiff to amend this complaint would be futile. Plaintiff cannot amend his complaint in any way that would allow him to bring an action against Catholic Charities for the theft of his property because he has no basis to assert a federal claim under the facts as he states them.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's original motion to proceed IFP (Dkt. No. 1) is **DENIED AS MOOT**, and it is

**ORDERED**, that plaintiff's amended motion to proceed IFP (Dkt. No. 3) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**ORDERED**, that the docket reflect that plaintiff's name is **LARRY CARTER CENTER**, consistent with the complaint, and it is

**ORDERED**, that the docket reflect that the named defendant is **CATHOLIC CHARITIES D/B/A HOMELESS VETERANS SERVICES**, and it is

**RECOMMENDED**, that the plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: May 21, 2015

Hon. Andrew T. Baxter
U.S. Magistrate Judge